UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MAGDALINA KALINCHEVA,

        Plaintiff,

   v.

JESSE NEUBARTH,

        Defendant.
                                  /

No. C 13-03294-SI

**ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION**

On July 15, 2013, *pro se* plaintiff Magdalina Kalincheva filed this action to enforce the contract created by the "Form I-864," the affidavit of support signed by her immigration sponsor. *See* 8 U.S.C. § 1182(a). On August 12, 2013, the Court transferred plaintiff's action from this District to the Eastern District of California pursuant to 28 U.S.C. § 1406(a). Docket No. 13. On September 9 and 10, 2013, plaintiff filed a motion entitled "Motion to Transfer Back Case . . ." and a motion entitled "Ex Parte Motion to Transfer and Reassign All 4 Dockets . . . ." Docket Nos. 15, 24. In the motions, plaintiff argues that the Court improperly transferred her action to the Eastern District. *Id.* The Court construes the two motions as motions for reconsideration of the Court's prior transfer order.

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *see also*

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'").

Plaintiff has not provided the Court with any newly discovered evidence or a change in controlling law. In addition, the Court did not err in transferring plaintiff's action to the Eastern District of California. According to the civil cover sheet, both plaintiff and defendant reside in the Eastern District, *see* Docket No. 1-1, and none of the events or omissions giving rise to the complaint occurred in the Northern District. *See* Compl. Therefore, the Court properly transferred the action to the Eastern District. *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 1391(b). Accordingly, the Court DENIES plaintiff's motions for reconsideration, Docket Nos. 15, 24.

In addition to the motions for reconsideration, plaintiff has also filed several other ex parte motions: a "Motion for I-864 . . . ," a "Motion for Car Umbrella . . . ," a "Motion for Permanent Restraining Order . . . ," a "Motion for Waiver of Local and All Rules . . . ," and a "Motion to Seal Our Docket . . . ." Docket Nos. 16-19, 21. Because this case remains transferred to the Eastern District of California, the Court denies these ex parte motions without prejudice to plaintiff refiling the motions in the Eastern District of California.

**IT IS SO ORDERED.**

Dated: September 23, 2013

SUSAN ILLSTON
United States District Judge